# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Shedlov,<br><br>    Plaintiff,<br><br>vs.<br><br>Frederick J. Hanna & Associates, P.C., *a foreign professional association*,<br><br>    Defendant. | CIVIL FILE NO.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff received a scripted telephonic message in which Defendant, a debt collector, failed to provide a "meaningful disclosure" and communicate the purpose of the telephone call in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11).

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Matthew Shedlov ("Shedlov" or "Plaintiff") is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Frederick J. Hanna & Associates, P.C. ("Frederick" or "Defendant"), upon information and belief, is a foreign professional corporation that operates as a debt collection agency from an address of 1427 Roswell Road, Marietta, Georgia 30062.  Frederick is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before March 2010.

9. On or about March 4, 2010, Frederick communicated with Plaintiff by leaving a scripted telephonic message in an attempt to collect this debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. In this scripted telephonic message, Frederick violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because Frederick did not "meaningfully disclose" that Frederick is a debt collector calling to collect a debt.  Frederick also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because Frederick failed to

sufficiently disclose to Plaintiff that it was a debt collector and that the communication was from a debt collector.

11. Specifically, for example, Frederick left the following scripted voicemail on or about March 4, 2010 at 2:53 PM: "This message if for Matthew. This is Sharice. Will you please give me a call at 1-866-306-8250, extension 4027? Thank you." This message lasted 15 seconds.

12. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Frederick.

13. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Frederick's acts and omissions.

## TRIAL BY JURY

14. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

15. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

16. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

17. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

18. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

19. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may be just and proper.

Dated:  May 7, 2010.	**MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
      Patrick L. Hayes (0389869)
      Attorneys for Plaintiff
      3101 Irving Avenue South
      Minneapolis, Minnesota 55408
      Telephone: 612-821-4817
      phayes@marsomichelson.com

Dated:  May 7, 20101.	**MARSO AND MICHELSON, P.A.**


By:   s/William C. Michelson
      William C. Michelson (129823)
      Attorneys for Plaintiff
      3101 Irving Avenue South
      Minneapolis, Minnesota 55408
      Telephone: 612-821-4817
      bmichelson@marsomichelson.com